COMMONWEALTH of Pennsylvania,
Appellee,

v.

William BLICK, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 20, 2003.

Filed Jan. 2, 2004.

Robert E. Stewart, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh and Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before: STEVENS, LALLY–GREEN, and MONTEMURO*, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following Appellant's conviction on three counts of second-degree murder, two counts of arson, and one count of recklessly endangering another person.[1]  On appeal, Appellant requests that we remand so that an evidentiary hearing may be held on his ineffective assistance of trial counsel claims.

---

* Retired Justice assigned to the Superior Court.

1.  18 Pa.C.S.A. § 2502, 18 Pa.C.S.A. § 3701, and 18 Pa.C.S.A. § 2705, respectively.

We dismiss pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), and, therefore, we affirm.

¶ 2 The relevant facts and procedural history are as follows: On June 30, 2000, three people, including an infant, died in a house fire occurring at a duplex with the address of 3732 and 3730 Greensprings Lane, Homeville, Pennsylvania. A volunteer firefighter was injured while trying to control the fire. Appellant was charged with setting the fire, which caused the deaths and injury at issue. Represented by James A. Villanova, Esquire, Appellant proceeded to a jury trial on February 20, 2001, and he was convicted of the crimes indicated *supra*.

¶ 3 Prior to sentencing, on March 7, 2001, Attorney Villanova filed a motion for a new trial on behalf of Appellant, alleging that the verdict was against the weight of the evidence and the evidence was insufficient to sustain the verdict. The trial court denied the motion and imposed a sentence of life in prison on May 18, 2001.

■ ¶ 4 Represented by new counsel, Robert E. Stewart, Esquire, and Charles R. Lopresti, Esquire, Appellant filed a post-trial motion alleging that trial counsel was ineffective in failing to present character witnesses, expert testimony, and objecting to demonstrative evidence presented by the Commonwealth. On October 2, 2001, Appellant's post-sentence motion was denied by operation of law, and Appellant

filed a timely notice of appeal to this Court.[2] By order filed November 16, 2001, the trial court directed Appellant to file a concise statement pursuant to Pa. R.A.P. 1925(b) on or before December 5, 2001. Appellant did not file his Pa.R.A.P. 1925(b) statement until June 3, 2003. In his statement, Appellant raised various allegations of ineffective assistance of trial counsel,[3] and requested that this Court remand the matter so that the claims could be developed at an evidentiary hearing. On July 14, 2003, the trial court filed a Pa.R.A.P. 1925(a) opinion indicating that Appellant's Pa.R.A.P. 1925(b) statement was filed in an untimely manner. However, the trial court noted that it reviewed the statement, concluded that all of the claims related to trial counsel's representation, and suggested that the claims be dismissed pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), or the matter remanded for an evidentiary hearing.[4]

■ ¶ 5 Because the instant case is a direct appeal from Appellant's judgment of sentence, we are guided by the Supreme Court's holding in *Grant*, *supra*, that "as a general rule a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Grant*, 572 Pa. at 49, 813 A.2d at 738. The Court recognized that "oftentimes, demonstrating trial counsel's ineffectiveness will in-

---

**2.** The notice of appeal is not contained in the certified record. The docket entries reveal that the notice has been misplaced; however, the docket entries confirm that the notice of appeal was filed in a timely manner.

**3.** Specifically, Appellant contended that trial counsel was ineffective in failing to present character witnesses, failing to object to the Commonwealth's videotaped demonstration, failing to cross-examine the witness from the coroner's office, failing to request an alibi instruction, failing to object to evidence intro-

duced as to the arson canine, failing to cross-examine Thomas Hitchings, failing to object to inadmissible hearsay, and failing to present expert testimony.

**4.** We note that Appellant filed his Pa.R.A.P. 1925(b) statement in an untimely manner. However, the trial court declined to find waiver. As such, we will not find Appellant's issues to be waived on this basis. *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000).

volve facts that are not available on the record." *Id.* at 66, 813 A.2d at 737.

Waiting to raise claims on collateral review affords the opportunity to develop a factual basis for the claim that counsel's performance did not meet the standard for effective assistance of trial counsel. Many of these claims are based on omissions, which, by their very nature, do not appear on the record and thus, require further fact-finding, extra-record investigation and where necessary, an evidentiary hearing.

Related to this rationale is the general belief that an appellate court should not consider issues that were not raised and developed in the court below. Courts have recognized that this general rule and its accompanying rationale apply equally to ineffectiveness claims.

*Commonwealth v. Dent,* 837 A.2d 571, 587 (Pa.Super.2003) (*quoting Grant,* at 64, 813 A.2d at 736).

█ ¶ 6 The Supreme Court noted that an exception to the general rule may be created when there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty. *Grant,* at 67, 813 A.2d at 738 n. 14. In addition, the appellate courts have carved out limited exceptions to the general rule set forth in *Grant.* For example, we will address ineffective assistance of trial counsel claims on direct appeal where the appellant would not be entitled to collateral relief due to the short duration of his sentence, *Commonwealth v. Salisbury,* 823 A.2d 914 (Pa.Super.2003), and where the ineffectiveness claim was raised in a timely post-sentence motion, developed at a hearing, and ruled upon by the trial court, *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003); *Commonwealth v. Hudson,* 820 A.2d 720 (Pa.Super.2003). Moreover, this Court has recently addressed an ineffective assistance of trial counsel claim

on direct appeal where the evidentiary record was complete and there was a trial court opinion addressing the claim. *Commonwealth v. Causey,* 833 A.2d 165 (Pa.Super.2003) (holding that *Grant* did not require dismissal of claim that counsel was ineffective in failing to challenge sufficiency of the evidence where the record was complete and trial court drafted opinion addressing the claim). We have also found an exception to *Grant's* general rule where the ineffectiveness claim was raised in a Pa.R.A.P. 1925(b) statement, and the trial court filed a Pa.R.A.P. 1925(a) opinion addressing the merits of the claim and specifically indicating that the existing record was sufficiently developed for resolution of the claim. *Commonwealth v. Watson,* 835 A.2d 786 (Pa.Super.2003).

¶ 7 In the case *sub judice,* we conclude that none of the exceptions enunciated *supra* apply. Appellant has not alleged a complete or constructive denial of counsel, and Appellant is not precluded from seeking collateral relief due to the duration of his sentence. Moreover, the existing record is not adequately developed to enable this Court to address Appellant's claims, and there is no trial court opinion addressing the merits of Appellant's claims. As such, we conclude that the claims, based on the present state of the record, are best addressed on collateral review, and, therefore, we dismiss Appellant's claims without prejudice so that he may seek relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.

¶ 8 We note that Appellant requests that we overlook *Grant* and its progeny and remand this matter for an evidentiary hearing outside the framework of the PCRA. Appellant suggests that we should create an exception under *Grant* and remand for an evidentiary hearing whenever an appellant requests this avenue of relief. We decline to create such an exception and

are compelled to follow the dictates of *Grant* and its progeny.

¶ 9 Affirmed.