**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Markeith Dasmond ALLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 2013.

Filed Oct. 21, 2013.

Scott F. Breidenbach, Pottstown, for appellant.

Charles J. Giambrone, Jr., Assistant District Attorney, Norristown, for Commonwealth, appellee.

BEFORE: ALLEN, MUNDY, and FITZGERALD *, JJ.

OPINION BY ALLEN, J.:

In this case, we must decide whether to remand for a determination of whether Markeith Dasmond Allen ("Appellant") wishes to expressly waive his right to file a PCRA petition, or whether we should affirm Appellant's judgment of sentence without prejudice to Appellant's rights to file a PCRA petition. For the reasons

---

* Former Justice specially assigned to the Superior Court.

stated below, we choose the latter, and affirm Appellant's judgment of sentence.

The trial court summarized the pertinent procedural history as follows:

On March 9, 2012, pursuant to a negotiated guilty plea agreement with the Commonwealth, [Appellant pled guilty] to ten (10) counts of Robbery, one (1) count of Persons Not to Possess Firearms, and one (1) count of Possession of a Controlled Substance (Heroin) with Intent to Deliver. The Commonwealth nol prossed the over one hundred counts that remained. In exchange for his pleas, Appellant was sentenced to an aggregate term of ten to thirty (10–30) years. [The charges primarily stemmed from a string of robberies Appellant committed in January 2011.] At said guilty plea hearing, [Appellant was represented by counsel]. The Court informed Appellant of his post-conviction and appeal rights upon imposing the aforementioned sentence.

On March 20, 2012, Appellant filed a *pro se* Notice of Appeal. On March 27, 2012, this Court directed Appellant to file a Concise Statement of Matters of Errors Complained of on Appeal (the "Concise Statement") within twenty-one (21) days. Appellant filed his Concise Statement on April 10, 2012.

On May 29, 2012, the Superior Court dismissed the instant appeal. Upon motion, the Superior Court reinstated the appeal on September 6, 2012. Upon application of Appellant, this Court appointed new counsel to represent him on his direct appeal. On December 11, 2012, the Court appointed [present counsel] to represent Appellant and provided [him] thirty (30) days to review the record and file an Amended Concise Statement. [Present counsel] subsequently requested additional time to file same, which this Court granted. Appellant's

Amended Concise Statement ultimately was filed on January 30, 2013.

Trial Court Opinion, 3/15/13, at 1–2 (footnotes omitted).

The trial court responded to Appellant's Amended Concise Statement as follows:

All of Appellant's issues in his Amended Concise Statement either raise claims of ineffective assistance of counsel or are premised on allegations of ineffective assistance of counsel. These claims are premature and should be raised not on direct appeal but during collateral review at the trial court level. *Commonwealth v. Grant* [572 Pa. 48], 813 A.2d 726 (Pa.2002).

Trial Court Opinion, 3/15/13, at 2. The trial court therefore asks this Court to "quash the instant appeal and/or remit the case back to [the trial] court to allow Appellant to file a proper Petition for Post Conviction Relief, in which he can raise allegations of trial counsel's ineffectiveness and collateral review can occur." *Id.*

Within his appellate brief, Appellant raises the following issue:

1) Should [Appellant's] "Motion of Intent to Appeal" be treated as a Post–Trial Motion to Withdraw Guilty Plea *Nunc Pro Tunc*, be granted as such rather than being treated as a direct appeal, and be remanded for [present counsel] to file an Amended Post–Trial Motion to Withdraw Guilty Plea *Nunc Pro Tunc* to include the ineffective assistance of trial counsel claim, under the *Bomar* exception to the general rule set forth in *Grant*?

Appellant's Brief at 4.

In support of his claim, Appellant asserts that the trial court should have treated Appellant's *pro se* "Motion of Intent to Appeal," as a motion to withdraw his guilty plea *nunc pro tunc*. We disagree.

After the trial court appointed present counsel, present counsel could have requested leave to file a post-sentence motion *nunc pro tunc* with regard to the withdrawal of Appellant's guilty plea. Instead, present counsel filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). As a result, Appellant's ineffectiveness claims are raised for the first time on appeal, and the trial court did not address their merits.

In *Commonwealth v. Blick*, 840 A.2d 1025 (Pa.Super.2004), the defendant requested a remand for an evidentiary hearing so that the trial court could address the ineffectiveness claims he first raised in a post-sentence motion. In *Blick*, the defendant's post-sentence motion had been denied by operation of law, and the trial court, in Pa.R.A.P. 1925(a) opinion, declined to address the defendant's ineffectiveness claims and suggested that the claims be dismissed pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). Alternatively, the trial court suggested that we remand the case for an evidentiary hearing.

In affirming the defendant's judgment of sentence, this Court first recognized *Grant* and its progeny. Included in this discussion were exceptions subsequently made to the *Grant* holding, including *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003), in which the high court found ineffectiveness claims could be decided on direct appeal when the claims were raised in timely post-sentence motion, developed at an evidentiary hearing, and ruled upon by the trial court. This Court then concluded:

> In the case *sub judice*, we conclude that none of the exceptions enunciated *supra* apply. [The defendant] has not alleged a complete or constructive denial of counsel, and [the defendant] is not precluded from seeking collateral relief due to the [short] duration of his sen-

tence. Moreover, the existing record is not adequately developed to enable this Court to address [the defendant's] claims, and there is no trial court opinion addressing the merits of [the defendant's] claims. As such, we conclude that the claims, based on the present state of the record, are best addressed on collateral review, and, therefore, we dismiss [the defendant's] claims without prejudice so that he may seek relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.

> We note that [the defendant] requests that we overlook *Grant* and its progeny and remand this matter for an evidentiary hearing outside the framework of the PCRA. [The defendant] suggests that we should create an exception under *Grant* and remand for an evidentiary hearing whenever an appellant requests this avenue of relief. We decline to create such an exception and are compelled to follow the dictates of *Grant* and its progeny.

*Blick*, 840 A.2d at 1027–28. In requesting a remand to comply with the requirements of *Bomar, supra,* Appellant in the present case seeks the same relief we denied the defendant in *Blick*.

Moreover, the continued validity of the *Bomar* procedure is currently pending before our Supreme Court in *Commonwealth v. Holmes*, 606 Pa. 209, 996 A.2d 479 (2010). This Court recently summarized:

> In two subsequent cases, our Supreme Court eliminated the *Bomar*-exception to the prohibition against reviewing ineffectiveness claims on direct appeal. *See Commonwealth v. Wright*, 599 Pa. 270, 320 n. 22, 961 A.2d 119, 148 n. 22 (2008) ("Prolix collateral claims should not be reviewed on post-verdict motions unless the defendant waived his right to PCRA review, because the PCRA does not afford the right to two collateral at-

tacks."); *Commonwealth v. Liston*, 602 Pa. 10, 22, 977 A.2d 1089, 1096 (2009) (Castille, C.J., concurring) (limiting the holding in *Bomar* to pre-*Grant* cases and directing the lower courts "not to create or indulge unitary, hybrid review in the post-verdict and direct appeal context, unless such review is accompanied by an express, knowing and voluntary waiver of PCRA review.").

This Court, sitting *en banc*, recognized this development in case law in *Commonwealth v. Barnett*, 25 A.3d 371 (Pa.Super.2011) (*en banc*), in which a defendant raised ineffectiveness of counsel claims on direct appeal pursuant to *Bomar*. After detailing the evolution of case law in the area, we held, "[b]ased on the opinion of the majority of participating justices in *Wright* and *Liston*, this Court cannot engage in a review of ineffective assistance claims on direct appeal absent an 'express, knowing and voluntary waiver of PCRA review.'" *Id.* at 377 (citation to *Liston* omitted).

As the law currently stands, a valid waiver of PCRA review is a prerequisite to appellate review of ineffectiveness claims on appeal. Because our Supreme Court and this Court *en banc* have instructed that ineffectiveness claims are generally not reviewable on direct appeal, before reviewing such a claim on direct appeal, it is incumbent upon this Court to determine whether a defendant expressly, knowingly and voluntarily waived his or her right to PCRA review.

*Commonwealth v. Baker*, 2013 PA Super 200, 72 A.3d 652, 665–68 (2013) (footnotes omitted).

Within his brief, Appellant contends: "If such a remand is granted, it is respectfully submitted that the initial inquiry at an evidentiary hearing should be whether [Appellant], if forced to choose by the Supreme Court, would waive his initial 'round' of the of the PCRA process in favor of having an evidentiary hearing." Appellant's Brief at 17. As noted above, in order for Appellant's ineffectiveness claims to be addressed on direct appeal, he would have to expressly waive all "rounds" of the PCRA process. Moreover, in *Baker, supra,* this Court addressed the issue of whether the defendant made a valid waiver of his right to file a petition under the PCRA. We concluded that the record did not support a valid waiver because the defendant was left with the impression he was only waiving specific ineffective claims that he raised in his direct appeal, rather than the entire post-conviction process. *Baker*, 2013 PA Super 200, 72 A.3d at 668. In *Baker*, we did not remand for such a waiver colloquy, but rather, dismissed the defendant's ineffectiveness claims without prejudice so that he could raise the claims under the PCRA, and affirmed the defendant's judgment of sentence. We reach the same disposition in this case, and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.