J-S44001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL JOHN LEWIS, | |
| Appellant | No. 487 WDA 2012 |

Appeal from the Judgment of Sentence Entered February 16, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001214-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 08, 2014**

Appellant, Michael Lewis, appeals from the judgment of sentence of one to two years' imprisonment, imposed following the revocation of a term of probation.  Appellant contends that the sentence imposed is illegal, as the trial court imposed the sentence for an offense where no term of probation had previously been imposed.  For the reasons that follow, we vacate the judgment of sentence and remand for further proceedings.

On May 19, 2011, Appellant pled guilty to several offenses, *inter alia*, criminal trespass and criminal attempt.  He was sentenced the same day. Pursuant to the sentencing court's written order, Appellant was sentenced to a term of 127 days' incarceration, with 127 days' credit for time served, for the offense of criminal trespass (which was listed as Count 1 in the criminal information filed by the Commonwealth).  In addition, Appellant was

sentenced to a term of 2 years' probation for the offense of criminal attempt, which was listed as Count 2 in the criminal information filed by the Commonwealth. Appellant was sentenced to no further penalty for the other offenses to which he pled guilty.

Appellant's probation was revoked following a hearing on February 16, 2012. The revocation court then sentenced Appellant to a term of 1 – 2 years' incarceration for the offense of criminal trespass. He filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant now presents the following question for our review:

1. Whether the revocation sentence imposed on Mr. Lewis is illegal?

Appellant's brief at 7.

We agree that the sentence imposed on February 16, 2012 is illegal. The May 19, 2011 sentencing order does not impose a term of probation for the offense of criminal trespass; accordingly, the court could not thereafter impose a sentence for that offense following revocation of probation. Notwithstanding this, the February 16, 2012 sentencing order imposes a sentence for that offense. "The only sentence known to the law is the sentence or judgment entered upon the records of the court…. To determine this intention the reviewing court limits itself to the language of the written judgment." *Commonwealth v. Kennedy*, 868 A.2d 582, 591 – 592 (Pa. Super. 2005) (internal citations omitted). Moreover, "If no statutory

authorization exists for a particular sentence, that sentence is illegal…. An illegal sentence must be vacated." ***Commonwealth v. Mears***, 972 A.2d 1210, 1211 (Pa. Super. 2009) (internal citations omitted). Accordingly, we conclude Appellant's sentence is illegal, and we must remand for the limited purpose of resentencing Appellant.[1]

Judgment of sentence vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2014

---

[1] We note that the Commonwealth concedes the illegality of the sentence imposed. Commonwealth's brief at 10 - 11.