J-A04034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ANSELL, | : | |
| | : | |
| Appellant | : | No. 983 WDA 2014 |

Appeal from the Judgment of Sentence Entered May 21, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-SA-0000460-2014

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED APRIL 17, 2015**

William Ansell (Appellant) appeals from the judgment of sentence entered May 21, 2014, following his conviction for two summary parking violations. Upon review, we dismiss the appeal.

On December 30, 2013, Appellant was issued two traffic citations for parking his vehicle in a no parking zone on Fairley Road, Ross Township, on December 6, 2013, and December 8, 2013. Appellant was found guilty of these parking violations by the magisterial district judge and, following a *de novo* hearing on his summary appeal, the trial court also found Appellant guilty of both offenses. Appellant timely filed a notice of appeal. The trial court ordered Appellant to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed. The trial court then filed its 1925(a) opinion.

*Retired Senior Judge assigned to the Superior Court.

On appeal, Appellant attempts to present a variety of claims for our consideration. We note, however, that Appellant's *pro se* brief is, in large part, rambling and incoherent, and it does not comply with the Rules of Appellate Procedure. Among other violations, Appellant's brief does not contain a copy of Appellant's concise statement of the matters complained of on appeal as required by Pa.R.A.P. 2111(a)(11), (d). Appellant's statement of the case contains argument and does not provide "a balanced presentation of the history of the proceedings and the respective contentions of the parties" in violation of Pa.R.A.P. 2117(b). Moreover, Appellant does not comply with Pa.R.A.P. 2111(a)(9)'s requirement to include a "short conclusion stating the precise relief sought," as Appellant's "conclusion" is over one single-spaced page long and provides references to exhibits attached to the brief[1] along with accompanying argument.

The most problematic aspect of Appellant's brief, however, is its failure to provide developed arguments in support of any of the issues Appellant apparently wants this Court to address. Pa.R.A.P. 2119. The brief's argument section is entirely devoid of any citations to legal authority or the record and is not divided into distinct claims in violation of Pa.R.A.P. 2119(a)-(c). Instead, Appellant presents approximately 7 ½ pages of

---

[1] These exhibits were not made part of the certified record and, accordingly, this Court may not consider them. **See Commonwealth v. Kennedy**, 868 A.2d 582, 593 (Pa. Super. 2005) (providing that "this Court may not consider anything that is not part of the certified record").

- 2 -

single-spaced narrative, mostly dedicated to a chronicling of events stemming from what appears to be a longstanding dispute between Appellant and Ross Township over Appellant's Christmas display.

Rule 2101 grants us the authority to dismiss an appeal when the defects in a brief are substantial. Pa.R.A.P. 2101. The fact that Appellant is *pro se* does not excuse his failure to comply with the Rules of Appellate Procedure. **See Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) ("[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of … Court.") While "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Id.** at 251-52. Nor does it entitle him to have this Court advocate on his behalf. **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996). "When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review[, this] Court will not consider the merits thereof." **Id.** (quoting **Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982)).

The defects in Appellant's brief are substantial[2] and, therefore, preclude this Court from engaging in meaningful appellate review. For this reason, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2015

---

[2] We observe that Appellant's concise statement of the errors complained of on appeal also fails to comply with Pa.R.A.P. 1925(b) and serves only to hinder further our ability to discern the issues on appeal.