J-S09027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARKEITH DASMOND ALLEN | |
| Appellant | Nos. 1001 EDA 2016, 1003 EDA 2016, 1004 EDA 2016 |

Appeal from the PCRA Order entered February 29, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at Nos: CP-46-CR-0000811-2011, CP-46-CR-0001349-2011, CP-46-CR-001350-2011

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 24, 2017**

Appellant, Markeith Dasmond Allen, appeals from the February 29, 2016 order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The record reflects that Appellant committed several gunpoint robberies on January 11, 2011.  Appellant assailed or shot several of the victims.  The Commonwealth filed charges against Appellant on January 14 and January 20, 2011.  On March 9, 2012, after several defense continuances, Appellant entered a negotiated guilty plea to multiple counts of robbery, unlawful possession of a firearm, and possession with intent to

---

[*] Retired Senior Judge assigned to the Superior Court.

deliver a controlled substance.[1]  The trial court imposed an aggregate 10 to 30 years of incarceration, in accord with the parties' plea agreement.  This Court affirmed the judgment of sentence on October 21, 2013. **Commonwealth v. Allen**, 78 A.3d 1163 (Pa. Super. 2013).[2]  Appellant filed this timely first PCRA petition on March 18, 2014.  He asserted, among other things, that his guilty plea was not knowing, intelligent, and voluntary because his counsel failed to advise him of the violation of his speedy trial rights under Pa.R.Crim.P. 600.  Rule 600 required Appellant to be brought to trial within one year of the date of the complaints in this case, absent any delays attributable to the defense.  Pa.R.Crim.P. 600(A), (C).[3]

On January 5, 2016, the PCRA court issued its notice of intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant responded on January 22, 2016, and the PCRA court dismissed the petition without a hearing on February 29, 2016.  This timely appeal followed.  Appellant presents two questions for review:

> 1.  Did the [PCRA] court err by dismissing the PCRA and not throwing out the guilty plea when [Appellant's] guilty plea

---

[1]  18 Pa.C.S.A. §§ 3701, 6105, and 35 P.S. § 780-113(a)(30), respectively.

[2]  Appellant raised collateral claims in his direct appeal.  We concluded that Appellant did not intend to waive his right to file a subsequent PCRA petition, and we affirmed the judgment of sentence without prejudice to Appellant's right to seek collateral review.  **Id.** at 1166.

[3]  Rule 600 was amended effective July 1, 2013.  The amendments do not affect the result in this case.

was not given knowingly, intelligently, or voluntary [sic] because he was not adequately informed of the status of his Rule 600 rights?

2.   Did the [PCRA] Court err by dismissing the PCRA petition without a hearing when the factual issues were present, such as the amount of excludable time present in relation to Rule 600?

Appellant's Brief at 4.

On review, we must determine whether the record supports the PCRA court's findings, and whether its ruling was free of legal error. **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009). To succeed on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that the underlying claim is of arguable merit; that counsel had no reasonable strategic basis for the action or inaction; and that counsel's error prejudiced the petitioner. **Commonwealth v. Sattazahn**, 952 A.2d 640, 652 (Pa. 2008), *cert. denied*, 556 U.S. 1283 (2009).

As noted above, the Commonwealth filed the first of its complaints in this matter on January 14, 2011. Under Rule 600(A), the mechanical run date was January 14, 2012. Appellant pled guilty 55 days later, on March 9, 2012.[4] Rule 600(C)(2) provides that delay attributable to the defendant is excluded from computation of the one-year period. Pa.R.Crim.P. 600(C)(2). At docket numbers 811 and 1349 of 2011, Appellee concededly signed a

---

[4] The Rule 600 run period concludes when the trial judge calls the case to trial, or when the defendant enters a plea of guilty or *nolo contendere*. Pa.R.Crim.P. 600.

Rule 600 waiver excluding 58 days from the Rule 600 computation. Appellee's Brief at 9-10. This waiver alone accounts for the 55-day delay between the mechanical run date and Appellee's guilty plea. We note that this is a consolidated prosecution of cases filed at three different docket numbers, and the Rule 600 waiver is only of record for numbers 811 and 1349 of 2011. As to docket number 1350 of 2011, a time-stamped order reflects that Appellant requested a continuance at the May 4, 2011 pretrial conference, resulting in a rescheduled pre-trial conference on June 21, 2011, 48 days later. Pre-Trial Conference Order, 5/4/11. At a July 26, 2011 call of the list, Appellant once again requested a continuance. Order, 7/26/11. The case was rescheduled to the September 22, 2011 call of the list, 58 days later. These delays account for the 55 days between the mechanical run date and Appellant's March 9, 2012 guilty plea. Appellant's Rule 600 argument lacks arguable merit.

Appellant also argues that his counsel was ineffective for signing the Rule 600 waivers. Appellant's Brief at 13. Appellant fails to develop any substantive argument for why a defense continuance constituted ineffective assistance in this case, and the record does not divulge the reasons for the continuances. Even so, we do not believe a hearing was necessary because Appellant cannot prove prejudice. We cannot assume that the Commonwealth would have failed to bring the case to a timely trial absent the Rule 600 waiver. In addition, Appellant's counsel was able to negotiate

a plea bargain whereby Appellant pled guilty to a fraction of the felony charges he was facing and received a minimum sentence of 10 years of incarceration. The record does not support a conclusion that Appellant would have been acquitted or would have received a more favorable sentence had counsel foregone the continuances and proceeded to trial.

For all of the foregoing reasons, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2017