J-S03004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH DARNAY MCDANIEL, | |
| Appellant | No. 1819 WDA 2015 |

Appeal from the Judgment of Sentence of October 21, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000098-2014

BEFORE:  OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                   **FILED FEBRUARY 22, 2017**

Appellant, Keith Darnay McDaniel, appeals from the judgment of sentence entered on October 21, 2015.  We affirm.

On June 3, 2014, Appellant entered a negotiated guilty plea to indecent assault, indecent exposure, corruption of minors, and endangering the welfare of a child.[1]   During the plea hearing, the Commonwealth summarized the facts underlying Appellant's guilty plea:

> Your Honor, had the case proceeded, the Commonwealth would have called Detective Joe Simunovic from the City of Pittsburgh Police.   He would have testified that on November 8[th] of 2013[,] he did attend a forensic interview with the [11-year-old] victim in this case, [T.P.].   During the course of that forensic interview, the victim stated that

---

[1] 18 Pa.C.S.A. §§ 3126(a)(1), 3127(a), 6301(a)(1)(i), and 4304(a)(1), respectively.

---

* Retired Senior Judge assigned to the Superior Court.

> [Appellant, who is] her mother's ex-boyfriend, [] did on two occasions touch [the victim] inappropriately. . . . Specifically, there was a time in which he touched her breasts. Furthermore, there was a time in which he exposed his penis and rubbed it against her naked buttocks.

N.T. Guilty Plea and Sentencing Hearing, 6/3/14, at 5.

At the conclusion of the factual recitation, Appellant testified that he was "pleading guilty [to the charges] because [he is] guilty." ***Id.*** at 6. The trial court then sentenced Appellant in accordance with the negotiated terms; specifically, the trial court sentenced Appellant to serve an aggregate term of 11 ½ to 23 months in jail, serve a concurrent term of five years of probation, and register with the Pennsylvania State Police, under Megan's Law, for 15 years. ***Id.*** at 7. Moreover, during the sentencing hearing, the trial court imposed the following special conditions of probation:

> you must participate in and complete mental-health treatment and/or sex offender treatment and comply with the terms and conditions of your therapist. You must refrain from using alcohol.
>
> You are to have no contact with any child under the age of 18 or be within [100] feet of a yard, park, playground or other places used by children. You're to have no contact, either directly or indirectly, with the victim or the victim's family.
>
> You're to have no sex paraphernalia, and you may not have any access to the computer, either through a phone – in fact, you're not even allowed to have a cell phone or a computer. You may not live with anybody that has a computer.

***Id.*** at 7-8.

Further, when the trial court was informed that Appellant and the victim's mother had a biological child together, the trial court amended the relevant probationary condition to read that Appellant "may have visitation with biological child through family court order." Sentencing Order, 6/3/14, at 1-2.

On February 11, 2015, Appellant appeared before the trial court for a sex offender court review hearing. During the review hearing, Appellant's probation officer testified that Appellant committed a number of technical probation violations, including: "having telephone contact with his 16-year-old son;" "having contact with his infant granddaughter after being released from the Allegheny County Jail;" smoking marijuana; and, having contact "with his 12-year-old niece and 10-year-old nephew while visiting his sister." N.T. Review Hearing, 2/11/15, at 2. That day, the trial court added "a zero tolerance stipulation" for future substance abuse infractions and again told Appellant: "[y]ou are to have no contact with minors[,] and family members are included in that group. You can have no contact with minors unless you receive written permission from your probation officer that you can see them." *Id.* at 4 and 5. The trial court scheduled a review hearing for May 13, 2015. *Id.* at 5.

Appellant appeared for the May 13, 2015 review hearing and, during that hearing, Appellant's probation officer testified that Appellant had continued to violate the conditions of his probation. As Appellant's probation officer testified:

On [April 21, 2015, Appellant] was found in possession of a Wi-Fi capable cell phone. A check of his cell [revealed] a picture of [Appellant] holding a child with the date taken of [February 28, 2015]. And another picture of multiple children around a birthday cake with the date taken of [January 27, 2015].

[Appellant] did admit to taking the picture where he's seen holding the child, but he denies having contact with any children since his initial report to the probation office.

He further admitted to access to the internet through the use of the aforementioned cell phone. The [trial] court was notified and a probation violation warrant was issued. A further check of that cell phone [revealed] a picture of [Appellant] consuming alcohol with the date taken of [January 9, 2015]. And multiple emails from daily hookup internet websites. He has also failed to make any payments towards his financial responsibility [in this] case. A balance of $4,954.34 remains owed.

N.T. Review Hearing, 3/11/15, at 3-4 (some internal capitalization omitted).

After hearing of these violations, the trial court informed Appellant:

[Appellant], at count five, I'm going to continue it as a stage two hearing. I'm going to lift your detainer to electronic monitoring only. For a period [of] six months. You must take a polygraph test within 90 days. And you are going to have zero tolerance. That means if you do one single thing wrong, you are going back to jail. And then you are going to come here for your second hearing and I'm going to put you in Camp Hill.

*Id.* at 4-5.

On June 5, 2015, the trial court placed Appellant on electronic home monitoring. *See* Appellant's Electronic Monitoring Rules Acceptance, 6/5/15, at 1-4.

- 4 -

On October 21, 2015, Appellant appeared before the trial court for a probation violation hearing. During the hearing, Appellant's attorney admitted that – on the very same day that Appellant was placed on electronic home monitoring – Appellant cut off his electronic home monitoring bracelet, left his house, and was later apprehended, by the Sheriff's Office, in an apartment with his two-year old granddaughter. N.T. Probation Revocation Hearing and Resentencing, 10/21/15, at 2-4. The trial court then revoked Appellant's probation and resentenced Appellant to serve a term of two to five years in prison. The trial court explained:

> Okay. Well, the reason you have so many days [of] credit [for time served] is because I kept letting you out of jail and then you would violate the terms and conditions of probation and I would put you in, I would let you out again.
>
> Specifically starting with the seriousness of the original offense, you assaulted a 13 [sic] year old child. You served a period of time. You then got out of jail. As soon as you were out of jail you went to smoke marijuana. You have contact with a number of minors, although you have denied this. You have been positive for drugs. I then had a hearing where I imposed a zero tolerance for drugs. You were found with a cell phone with a connection to [Wi-Fi]. This phone, contrary to the specific conditions, contained photos of you with [children] and photos of you drinking. You were in jail for a while. I lifted the detainer. I put you on the bracelet and you left. They found you at your girlfriend's house with her infant son. You were then put on the bracelet and the same day you were arrested again in the company of I guess who was your daughter and the two-year old child. I would point out that [the original] offense was an assault of your girlfriend's child. You have been involved with drugs since 2002. You have had four PFAs with three different victims. You have ten children, none of whom you have seemingly supported. Although since you only know the names of nine of them, I will just

count nine as the number of children you have. Your adjustment to probation has been poor. I see no evidence that you wish to rehab yourself. And you are a danger because of violence and drugs. You had prior EM, prior incarceration. And county supervision is no longer an option.

At Count [Six,] I am going to revoke your probation and order you to serve not less than two years nor more than five years with credit. . . .

*Id.* at 6-7.

On Monday, November 2, 2015, Appellant filed a timely motion to modify his sentence. *See* Pa.R.Crim.P. 708(E) ("[a] motion to modify a sentence imposed after a revocation [of probation] shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period"). Within Appellant's motion to modify, Appellant claimed that the trial court imposed a "manifestly excessive, unreasonable [sentence]" and failed to "consider [his] rehabilitative needs, nature, characteristics, and personal history" at sentencing. Specifically, Appellant claimed that the trial court "failed to consider" certain mitigating factors, such as: Appellant has a "mental health and substance abuse history;" Appellant "took responsibility for his criminal behavior by pleading guilty;" and, Appellant's "probation violations were all technical in nature." Appellant's Motion to Modify, 11/2/15, at 5. Appellant also claimed that the trial court "considered impermissible factors" during sentencing. According to Appellant, these impermissible factors were: "emphasizing social history that has no bearing upon criminality such as he had ten children, but the

pre-sentence investigator claimed that he could only name nine" and "[r]eciting that he had multiple PFAs and ICC violations filed against him, even though the pre-sentence investigation noted that most of these actions had been dismissed or withdrawn." *Id.*

On November 5, 2015, the trial court denied Appellant's motion to modify his sentence and Appellant filed a timely notice of appeal. Appellant raises three claims on appeal:

> [1.] Whether the revocation sentence imposed by the trial court . . . is manifestly excessive, unreasonable, and an abuse of discretion where none of the factors of 42 Pa.C.S.A. § 9771(c) were established?
>
> [2.] Whether the revocation sentence imposed by the trial court . . . is manifestly excessive, unreasonable, and an abuse of discretion where the trial court failed to consider the personal history, character[,] and rehabilitative needs of [Appellant] as required by 42 Pa.C.S.A. § 9721(b)?
>
> [3.] Whether the trial court considered, focused on and/or discussed impermissible factors and/or information not of record prior to sentencing [Appellant]?

Appellant's Brief at 5.

All of Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Carver*, 923 A.2d 495 (Pa. Super. 2007) (claim that the trial court erred in sentencing appellant to total confinement is a challenge to the discretionary aspects of sentence); *Commonwealth v. Ferguson*, 893 A.2d 735, 736-737 (Pa. Super. 2006) (same); *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (same); *Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim

that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence); *Commonwealth v. Roden*, 730 A.2d 995 (Pa. Super. 1999) (claim that the trial court considered impermissible factors at sentencing is a challenge to the discretionary aspects of a sentence).

We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007); ***see also Cartrette***, 83 A.3d at 1042 ("issues challenging the discretionary aspects of a sentence [following the revocation of probation] must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a [motion to modify] sentence").

As our Supreme Court has held, the determination of whether a substantial question exists must be done prior to – and be divorced from – the determination of the potential merits of an issue.  ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 19 (Pa. 1987).  If it were otherwise, a challenger would "in effect obtain[] an appeal as of right from the discretionary aspects of a sentence" – a result that would violate statutory law.  ***Id***.

First, Appellant claims that the trial court abused its discretion by imposing a sentence of total confinement, where:  Appellant "was not found guilty of committing any new crime . . . [, Appellant] was not charged with any new crimes . . . [, t]here is no evidence to support any bald allegation that he is likely to commit another crime . . . [, and t]he trial court made no assertion that its authority needs to be vindicated."  Appellant's Brief at 19.  Appellant did not raise this claim at sentencing or in his motion to modify

sentence. *See* N.T. Probation Revocation Hearing and Resentencing, 10/21/15, at 2-8; Appellant's Motion to Modify, 11/2/15, at 1-6. Therefore, this claim is waived. *Cartrette*, 83 A.3d at 1042.

Second, Appellant claims that the trial court "failed to consider the personal history, character[,] and rehabilitative needs" of Appellant.

Generally, for an appellant to raise a substantial question that his sentence is inappropriate under the Sentencing Code, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000).

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa.Code § 303.1(b); *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006). Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." *Commonwealth v. Russell*, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the

victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

As this Court has held, a claim that the sentencing court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, does raise a substantial question under the Sentencing Code. *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2013) (a claim that the trial court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, raised a substantial question); *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (*en banc*) ("we find that Appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its [consecutive, standard range] sentence presents a substantial question for our review"). Therefore, we may reach the merits of Appellant's claim that, at sentencing, the trial court "failed to consider the personal history, character[,] and rehabilitative needs" of Appellant.

However, Appellant's claim on appeal immediately fails because the trial court undoubtedly considered Appellant's personal history, character, and rehabilitative needs when it imposed Appellant's sentence. Certainly, when the trial court resentenced Appellant, the trial court had already presided over Appellant's guilty plea, original sentencing hearing, and

multiple probation review hearings. Therefore, at the time of resentencing, the trial court was deeply familiar with Appellant's personal history and character. Further, during Appellant's resentencing hearing, the trial court informed Appellant that it had provided him with multiple opportunities to abide by the terms of his probation – and, yet, Appellant continually violated the express terms of his probation. *See* N.T. Probation Revocation Hearing and Resentencing, 10/21/15, at 2-8. Moreover, Appellant's actions while on probation demonstrated an overt contempt for the trial court, a refusal to rehabilitate himself, and Appellant's clear danger to the public, given that: Appellant continuously violated the express terms of his probation; Appellant cut off his electronic monitoring bracelet and absconded on the same day that he was placed on electronic monitoring; and, Appellant originally pleaded guilty to sexually molesting his then-girlfriend's 11-year-old daughter and, yet, Appellant continued to violate the terms of his probation by closely associating with young children. Simply stated, Appellant's claim that the trial court "failed to consider the personal history, character[,] and rehabilitative needs" of Appellant is meritless.

Finally, Appellant claims that the trial court abused its discretion when it considered "impermissible factors" at resentencing. This Court has held that an appellant raises a substantial question where he alleges that the trial court relied upon impermissible factors at sentencing. *See Commonwealth*

*v. Rhoads*, 990 A.2d 732, 745 (Pa. Super. 2009), *appeal denied*, 14 A.3d 827 (Pa. 2010). Thus, we will address the merits of this claim.

As we have held:

> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

*Commonwealth v. Scott*, 860 A.2d 1029, 1030 (Pa. Super. 2004) (internal quotations and citations omitted).

First, Appellant claims that the trial court impermissibly relied upon the purported fact that Appellant had "four PFAs with three different victims." Appellant's Brief at 25; *see also* N.T. Probation Revocation Hearing and Resentencing, 10/21/15, at 7. According to Appellant, this was improper because "the pre-sentence investigation noted that almost all of the *ex parte* PFA petitions filed against [Appellant] had been dismissed or withdrawn at their initial stages [that] required judicial review." Appellant's Brief at 25.

Appellant failed to include the pre-sentence report in the certified record. Therefore, Appellant's claim on appeal is waived. *Commonwealth v. Kennedy*, 868 A.2d 582, 593 (Pa. Super. 2005) ("this Court may not consider anything that is not part of the official certified record: [a]ny document which is not part of the official certified record is considered to be

- 13 -

non-existent") (internal quotations and citations omitted); *Commonwealth v. Gonzalez*, 608 A.2d 528, 530 n.6 (Pa. Super. 1992) ("[i]t is appellant's responsibility to provide the reviewing court with a complete and comprehensive record for purposes of appeal"); *Commonwealth v. Martz*, 926 A.2d 514, 525 (Pa. Super. 2007) ("[a] failure by [a]ppellant to [ensure] that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined") (internal quotations, citations, and corrections omitted).

Appellant also claims that, during the resentencing hearing, the trial court impermissibly "emphasized [Appellant's] social history that has no bearing upon criminality, such as the fact that [Appellant] has [ten] children, but the pre-sentence investigator claimed that he could only name nine." Appellant's Brief at 25. Yet, it is clear that the trial court's passing reference to the number of children that Appellant fathered and Appellant's ability to name his children had no bearing upon Appellant's sentence. *See* N.T. Probation Revocation Hearing and Resentencing, 10/21/15, at 7-8; Trial Court Opinion, 5/19/16, at 4-5. Indeed, the record demonstrates that the trial court placed absolutely no reliance upon the asserted factor. Further, the record demonstrates that the trial court's sentence was appropriate and necessary, given Appellant's: manifest and utter contempt for the trial court; refusal to rehabilitate himself; clear danger to the public; and,

repeated violations of the conditions of his probation. Appellant's claim on appeal fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017