J-S03033-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD M. HOLLIDAY, | : | |
| | : | |
| Appellant | : | No. 996 WDA 2016 |

Appeal from the Order May 3, 2016
in the Court of Common Pleas of Lawrence County,
Criminal Division, at No(s): CP-37-CR-0000250-1994
CP-37-CR-0000798-1992

BEFORE:    OLSON, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 17, 2017**

Donald M. Holliday (Appellant) appeals from the May 3, 2016 order which dismissed his petition for writ of *habeas corpus*.  We affirm.

We glean the following from the record.  In the case filed at CP-37-CR-0000798-1992 (1992 case), Appellant was sentenced in September 1993 to serve two to ten years of imprisonment.  The sentencing order provided that Appellant would serve his time in the Lawrence County Jail, with work release privileges.  At the end of 1993, Appellant failed to return to the jail from work release, and instead fled the jurisdiction, resulting in the filing of charges at docket number CP-37-CR-0000250-1994 (1994 case).  In 1996, Appellant was apprehended in Kentucky, pled guilty to escape in the 1994 case, and was sentenced to a term of nine months to five years of

*Retired Senior Judge assigned to the Superior Court.

imprisonment to run consecutive to the sentence in the 1992 case. Shortly thereafter, in August of 1996, the trial court ordered in the 1992 case that Appellant's term of imprisonment would be served in a state correctional facility rather than in the county jail.

On August 10, 2015, Appellant filed a petition for writ of *habeas corpus*, (1) "challenging the discrepency [*sic*] between the signed sentencing orders and the [Department of Corrections] (DOC)'s interpretation of them," Petition, 8/10/2015, at ¶ 6 (unnecessary capitalization omitted); and (2) claiming that the trial court lacked jurisdiction in 1996 to amend the September 1993 sentencing order entered in the 1992 case. *Id.* at ¶ 9.

Court-appointed counsel filed a new *habeas* petition on November 9, 2015. The new petition alleged that Appellant was serving an illegal sentence. Petition, 11/9/2015, at ¶ 6.

> Specifically, [Appellant averred] that:
>
> a.   When the original order [in the 1992 case] was altered or modified it became a new sentence and therefore [the sentence in the 1994 case] could not run consecutive as the new sentence [in the 1992 case] was not entered until 12 days after the new sentence [in the 1994 case].
>
> b.   When [the sentence in the 1992 case] was amended [on] 26th August 1994 it failed to state that it would run consecutive with [the sentence in the 1994 case].
>
> c.   [Appellant] believes and therefore avers that he has served the entirety of his sentence and is eligible for immediate parole.

*Id.* at ¶ 7.

- 2 -

After conducting a hearing on the petition, the trial court denied it by order of May 3, 2016. The court therein opined that (1) Appellant's interpretation of the sentencing orders was incorrect, and (2) the 1996 amendment to the 1993 sentence "did not amend the sentence itself but only the location where it was to be served." Order, 5/3/2016, at 3. The trial court further noted that it did not treat Appellant's filing as an untimely-filed petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, because it did "not allege any basis for relief cognizable under the PCRA." *Id.* at 4.

Thereafter, Appellant *pro se* filed a notice of appeal, as well as a court-ordered statement of errors complained of on appeal. Counsel filed a motion to withdraw, to which Appellant filed a response requesting that the trial court grant the motion and allow him to proceed *pro se*. After conducting a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the trial court entered an order permitting counsel to withdraw, Order, 10/3/2016, and determined that Appellant made a knowing, voluntary, and intelligent waiver of his right to counsel. Waiver of Counsel, 10/3/2016.

Thus, properly proceeding *pro se*, Appellant presents this Court with three questions for review. Two of Appellant's questions concern the merits of the claims raised in his *habeas* petition (*i.e.*, the DOC improperly interpreted his sentencing orders and the trial court lacked jurisdiction in 1996 to amend his sentence in the 1992 case); the third asks, *inter alia*,

"whether the lower erred in finding that it cannot treat the foregoing *habeas corpus* petition as a petition under [the] PCRA as it does not allege any basis of relief cognizable under the PCRA?"  Appellant's Brief at 4 (unnecessary capitalization omitted).

We begin by reviewing the relevant legal principles.  "[T]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment."  ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007).  All PCRA petitions must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception.  42 Pa.C.S. § 9545(b).  "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*."  ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013).

However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*."  ***Commonwealth v. Masker***, 34 A.3d 841, 850 (Pa. Super. 2011) (*en banc*).  Our Supreme Court has explained that "the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute."  ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007).

To the extent that Appellant claims that his sentence in the 1992 case, as amended in 1996, is illegal, the claim is cognizable exclusively under the PCRA.  ***See***, ***e.g.***, ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa.

- 4 -

Super. 2011) ("[T]he plain language of the PCRA… states that '[the PCRA] provides for an action by which … persons serving illegal sentences may obtain collateral relief.' … Therefore, Jackson's 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy.").

Because Appellant's sentence became final 20 years ago, and Appellant did not plead and offer to prove a PCRA timeliness exception, the trial court lacked jurisdiction to address the merits of his illegal-sentence claim.[1] *See Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) ("The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA

---

[1] The record reveals that the amendment to Appellant's sentence in the 1992 case resulted from the trial court's granting of a petition to amend sentence **filed by Appellant**. Therein, Appellant explained that he received a state sentence in the 1994 case, but he could not be transferred to a state correctional facility until he was paroled on his sentence in the 1992 case, which he was serving in the Lawrence County Jail. Petition to Amend Sentence, 8/26/1996, at ¶¶ 4-5. Therefore, Appellant "request[ed] that his sentence be amended to reflect that he serve not less than 2 years nor more than 10 years in a State Correctional Facility." *Id.* at ¶ 6. The trial court granted Appellant's request, and signed Appellant's proposed order indicating that the sentence was amended to reflect that he serve his time for the 1992 case in a state facility. Order, 8/26/1996.

Appellant argues in his brief that counsel was ineffective in petitioning for the amendment. That claim is also within the exclusive province of the PCRA; because Appellant did not present it timely, neither the trial court nor this Court has jurisdiction to entertain it. *See* 42 Pa.C.S. 9543(a)(2)(ii) (enumerating claims of ineffective assistance of counsel as cognizable under PCRA); *Commonwealth v. Eller*, 807 A.2d 838, 845 (Pa. 2002) (noting PCRA is exclusive means of obtaining relief for claims cognizable under PCRA).

petition that is untimely."); ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition.").

However, Appellant's claim that he has served the balance of his sentences and should be paroled immediately is brought properly in a petition for writ of *habeas corpus*. ***Commonwealth v. Isabell***, 467 A.2d 1287, 1291 (Pa. 1983) (holding that the writ of *habeas corpus*, the "well known remedy for deliverance from illegal confinement," rather than statutory post-conviction relief, "is particularly suited to the wrong alleged in this case, illegal detention resulting from an incorrect computation of appellant's sentence by prison officials"). Thus, we consider the merits of Appellant's claim that he is being detained unlawfully because he has completed his sentences.

Appellant's argument is as follows:

Once the court amended, changed and altered the original county sentence [in the 1992 case] into a now state sentence, it failed to state in [its] order to amend, that the state sentence [in the 1994 case] would still be run consecutive to the now state sentence [in the 1992 case;] therefore, these two state sentences must now be running concurrently!

Appellant's Brief at 4 (unnecessary capitalization omitted).

The trial court offered the following response:

It is clear that [in the 1994 case,] the court ordered the sentence at that case number to be served on a consecutive basis to the sentence previously issued [in the 1992 case]. The amendment on August 26, 1996 of the sentence [in the 1992

case] only changed the place of confinement and not the effective date of the sentence. In changing [Appellant's] place of confinement, the court did not amend the sentence itself but only the location where it was to be served. Thus, the only reasonable and logical interpretation of the three orders in question is that [Appellant] received a sentence of not less than 2 years nor more than 10 years [in the 1992 case,] and then received a consecutive sentence of not less than 9 months nor more than 5 years in the 1994 case,] and as of August 26, 1996 a determination was made that both sentences should be served in a state correctional facility with the sentence [in the 1994 case] to be served consecutively to the sentence [in the 1992 case].

Order, 5/3/2016, at 2-3 (unnecessary capitalization omitted).

"[A] sentence … is to be construed so as to give effect to the intention of the sentencing judge. To determine this intention the reviewing court limits itself to the language of the written judgment." *Commonwealth v. Kennedy*, 868 A.2d 582, 591 (Pa. Super. 2005) (citation omitted). After review of the sentencing orders at issue, we agree with the trial court that the only reasonable interpretation is that the sentence in the 1994 case runs consecutively to the amended sentence in the 1992 case.

Neither the original sentencing order from 1993, nor the amendment ordered in 1996, references the sentence entered in the 1994 case. It was the sentencing order in the 1994 case that indicated it was to run consecutively to the sentence in the 1992 case. There simply was no reason for the trial court to mention anything about the 1994 case in its order amending the sentence in the 1992 case.

The sentence in the 1994 case was never amended; accordingly, that sentence still runs consecutively to the sentence in the 1992 case. The trial court's grant of Appellant's requested amendment to the place where he would serve his sentence in the 1992 case had no impact whatsoever upon the consecutive nature of the sentence in the 1994 case. Thus, we conclude that the trial court properly denied Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017