J-A12016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.D. | |
| | No. 1546 EDA 2014 |

Appeal from the Dispositional Order November 6, 2013
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0003569-2013

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 30, 2016**

Appellant, M.D., appeals from the dispositional order entered after the trial court found him delinquent on a charge of aggravated assault. M.D. contends that the evidence at his delinquency hearing was insufficient to sustain his adjudication, that the trial court's explicit findings of fact contradict the adjudication, and that the trial court erred in failing to hold a hearing on the issue of M.D.'s need for treatment, supervision or rehabilitation. After careful review, we conclude that M.D.'s claims are waived and therefore affirm.

The Commonwealth charged M.D. with aggravated assault, possession of an instrument of crime, recklessly endangering another person, and

---

[*] Former Justice specially assigned to the Superior Court.

simple assault. At the adjudicatory hearing, the Commonwealth presented the testimony of the victim and an exhibit consisting of the victim's treatment records and a photograph of the injury sustained by the victim and then rested its case. After some prefatory testimony, the victim testified as follows:

> Q.    Okay. Can you tell his Honor what happened that brings you to court today?
>
> A.    Um I –
>
> THE COURT:    Keep your voice elevated and annunciate your words.
>
> Can you tell us what happened that brings you to court today?
>
> THE WITNESS:    I got struck on the –
>
> THE COURT:    Oh, you were struck?
>
> THE WITNESS:    Yes.
>
> Q.    Who did that?
>
> A.    [M.D.]
>
> Q.    What did he strike you with?
>
> A.    I don't know.
>
> …
>
> Q.    What did you say when he wanted to fight you?
>
> A.    I said it's about something stupid.
>
> Q.    Okay. Then after you said it's about something stupid, what happened?

        A.      I was walking away with my little sister and he came from
                behind.

        Q.      Came from behind you?

        A.      And strikes me in my left eye and it started bleeding and I
                called my mom.

        Q.      Then what happened?

        A.      I went to the police station and then they took me to the
                hospital to get stitches.

        Q.      How many stitches did you get?

        A.      Three.

N.T., Adjudicatory Hearing, 11/4/13, at 3-5. On cross-examination, the victim testified that he suffered no impairment of his vision and did not need follow-up treatment after the stitches. *See id*., at 9. Shortly thereafter, the Commonwealth moved an exhibit containing records of the victim's medical treatment into evidence and then rested.

        M.D. presented an alleged eyewitness to the victim's injury.[1] The eyewitness testified that the victim engaged in a fight with another youth and that the victim sustained the injury near his eye during this fight. *See* N.T., 11/6/13, at 9-10. After M.D. rested, the trial court instructed the court

---

[1] The trial court continually interposed its own objections to questions posed by defense counsel. For example, after defense counsel asked the witness if she remembered "July 19th of this summer," the trial court interrupted by stating "[e]xcuse me one second. Is there reason you have to lead her?" N.T., 11/6/13, at 5. It is unclear why the trial court took such an active role only during defense counsel's questioning.

reporter not to transcribe the parties' closing arguments. *See id*., at 20.

After arguments, the trial court went back on the record and entered the

following findings:

> The [c]ourt finds that this young man came up to the complainant from behind and struck him with an object that caused a puncture wound adjacent to the complainant's left eye. Three stitches were placed on the side of his left eye, but the wound was clearly caused by something other than the fist.
>
> A blow delivered in that way could have caused serious bodily injury and the fact that it was administered to the complainant from the side would indicate that he intended to hurt him.
>
> The [c]ourt finds that any time you strike a defenseless person in the head that you are intending to cause injury. The fact that it is the head is that you are prepared to inflict serious bodily injury.
>
> I am not concluding that. I am concluding that the circumstances under which it happened caused the [c]ourt to believe that he intended to inflict injury to the head. That's my finding.
>
> …
>
> Yes, I find that this could have been a serious bodily injury.

*Id*., at 20-21.

M.D.'s post-disposition motion was denied, and this timely appeal

followed. M.D. listed the sufficiency of the evidence as the sole issue he

wished to raise in his Pa.R.A.P. 1925(b) statement. In his appellate brief,

M.D. raises three issues: that the evidence at trial was insufficient to sustain

the adjudication, that the trial court's findings are incapable of supporting

the adjudication, and that the trial court erred in failing to hold a

dispositional hearing. We conclude that M.D.'s final two issues are waived,

due to his failure to preserve them in his Rule 1925(b) statement. *See Commonwealth v. Jackson*, 10 A.3d 341, 347 n.4 (Pa. Super. 2010); Pa.R.A.P.1925(b)(4)(vii). *See also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to [Rule] 1925.").[2]

In his sole preserved issue, M.D. contends that the evidence at trial was insufficient to establish that he intended to cause serious bodily injury to the victim. He persuasively argues that a single punch to a victim's head, absent any other circumstantial evidence, is insufficient to establish intent to cause serious bodily injury. *See Commonwealth v. Alexander*, 383 A.2d 887 (Pa. 1978).

However, the trial court explicitly based its finding of serious bodily injury on its observation of the picture of the wound suffered by the victim. While M.D. asserts in his brief that the wound was described as a laceration in the victim's medical records, neither the picture nor the records are in the

---

[2] With respect to M.D.'s claim that the trial court's findings do not support an adjudication for aggravated assault, we note that had we reached this issue, we would conclude that the trial court's explicit factual findings evidenced a clear intent to adjudicate M.D. delinquent for aggravated assault. It is unclear whether the trial court misspoke, or if an error occurred in transcription, but it is clear that the trial court understood that serious bodily injury was a necessary element of aggravated assault, and further, that it intended to adjudicate M.D. delinquent of aggravated assault.

certified record. It is the appellant's responsibility to ensure that this Court is provided a complete certified record to ensure proper appellate review; a failure to ensure a complete certified record may render the issue waived. *See Commonwealth v. Kennedy*, 868 A.2d 582, 593 (Pa. Super. 2005). Absent the picture and medical records, which were both a part of a Commonwealth exhibit entered into evidence at the hearing, we are unable to review the sufficiency of the evidence presented at trial. Thus, M.D.'s remaining claim is waived.

Dispositional order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016