J-S36028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOAN VASQUEZ, | |
| Appellant | No. 528 EDA 2016 |

Appeal from the Judgment of Sentence of September 3, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001754-2011

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OLSON, J.:                    **FILED JULY 25, 2017**

Appellant, Joan Vasquez, appeals from the judgment of sentence entered on September 3, 2015, as made final by the denial of his post-sentence motion on October 21, 2015.  We quash.

As our disposition is based solely on the procedural history of this case, we do not set forth the factual background.  On September 3, 2015, Appellant was sentenced to an aggregate term of five to twelve years' imprisonment for carrying a firearm without a license,[1] carrying a firearm on

---

[1]  18 Pa.C.S.A. § 6106.

the streets of Philadelphia,[2] and possessing an instrument of crime.[3] On September 14, 2015, Appellant filed a post-sentence motion.[4] On October 21, 2015, the post-sentence motion was denied because Appellant's counsel failed to appear at the scheduled hearing. On October 22, 2015, the trial court entered an order granting a hearing on the post-sentence motion that was denied the previous day.[5] On January 15, 2016, the trial court entered an order purporting to deny the post-sentence motion because Appellant's

---

[2] 18 Pa.C.S.A. § 6108.

[3] 18 Pa.C.S.A. § 907.

[4] As September 13, 2015 fell on a Sunday, the motion was timely. **See** 1 Pa.C.S.A. § 1908.

[5] In his brief, Appellant contends that he filed a second post-sentence motion after the denial of his first post-sentence motion on October 21, 2015. **See** Appellant's Brief at 3. This alleged second post-sentence motion is not included in the certified record nor does it appear on the docket. Thus, we conclude that Appellant did not file a second post-sentence motion. **See** Pa.R.A.P. 1921; **Commonwealth v. Kennedy**, 868 A.2d 582, 593 (Pa. Super. 2005) (finding "any document which is not part of the official certified record is considered to be non-existent."). Even if Appellant filed a second post-sentence motion, it was untimely and, therefore, did not toll the time period for filing a notice of appeal. **See** Pa.R.Crim.P. 720(A); **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (holding after the expiration of the ten-day period for filing a post-sentence motion, such a motion cannot toll the appeal period unless appellant seeks permission from the court to file a post-sentence motion *nunc pro tunc* and the trial court expressly grants this request).

counsel failed to appear for a third time at the scheduled hearing. This appeal followed.[6]

Appellant presents one issue for our review:

Whether the suppression hearing court erred in its conclusion of law that the arresting officer lawfully subjected Appellant to a stop and frisk based on a reasonable suspicion where, as found by the court, the officer first approached and detained Appellant at gunpoint before subjecting him to a "pat down" – and this effectuated an arrest of Appellant without probable cause?

Appellant's Brief at 2.

Before we consider the merits of Appellant's issue, we first consider whether the notice of appeal was timely filed. It is well-settled that this Court lacks jurisdiction over untimely appeals and that we have the obligation to raise such jurisdictional concerns *sua sponte*. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014). In criminal cases, if a timely post-sentence motion is filed, the notice of appeal "shall be filed within 30 days of the entry of the order deciding the [post-sentence] motion." Pa.R.Crim.P. 720(A)(2)(a).

In this case, the trial court sentenced Appellant on September 3, 2015. Appellant filed a timely post-sentence motion. The trial court denied Appellant's post-sentence motion on October 21, 2015. The entry of the order denying the post-sentence motion triggered the 30-day appeal

---

[6] Appellant and the trial court complied with Pennsylvania Rule of Appellate procedure 1925.

period.[7]   ***See*** Pa.R.Crim.P. 720(A)(2)(a).   Thus, Appellant had until November 20, 2015 to file his notice of appeal.  Therefore, Appellant's notice of appeal, filed on February 2, 2016, is patently untimely and we lack jurisdiction to entertain Appellant's claims.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2017

---

[7] The October 22, 2015 order scheduling a hearing on Appellant's post-sentence motion did not vacate the October 21, 2015 order denying Appellant's post sentence motion.  Furthermore, a motion for reconsideration was never filed nor expressly granted.  ***Cf. Gardner v. Consol. Rail Corp.***, 100 A.3d 280 (Pa. Super. 2014) (a motion for reconsideration, unless expressly granted within the 30 day appeal period, does not toll the time period for taking an appeal from a final, appealable order).