J-A12043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY RJ GAVIN | : | |
| | : | |
| Appellant | : | No. 1724 WDA 2019 |

Appeal from the PCRA Order Entered October 23, 2019,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0000265-2019.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED JUNE 22, 2020**

Jeremy RJ Gavin appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§9541-9546. We affirm.

The pertinent facts and procedural history are as follows: On April 3, 2019, Gavin entered a negotiated guilty plea to one count of simple assault. The Commonwealth provided the following factual basis for the plea: "[O]n or about December 31st, 2018, in the County of Erie, [Gavin] did attempt to cause, or intentionally, knowingly, or recklessly cause bodily injury to another, in that [he] did slam [the victim's] head against the wall and/or strike him with a closed fist[.]" N.T., 4/3/19, at 8. In exchange, the Commonwealth

_____

[*] Retired Senior Judge assigned to the Superior Court.

agreed to withdraw a theft charge.[1]  The trial court then engaged in a brief colloquy with Gavin and accepted his guilty plea.  *Id.* at 10.  At plea counsel's request, the trial court immediately proceeded to sentencing.  After hearing from counsel and Gavin, the trial court sentenced Gavin to two years of county probation.  Gavin did not file a post-sentence motion or a direct appeal.

On June 19, 2019, Gavin filed a *pro se* PCRA petition in which he claimed that plea counsel's ineffectiveness induced him to enter his guilty plea.  The PCRA court appointed counsel, and, on September 18, 2019, PCRA counsel filed a supplement to Gavin's petition.  On September 26, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Gavin's PCRA petition because his claim that he entered an invalid plea was refuted by the record.  Gavin did not file a response.  By order entered October 23, 2019, the PCRA court dismissed Gavin's PCRA petition.  This timely appeal followed.  Both Gavin and the PCRA court have complied with Pa.R.A.P. 1925.

Gavin now raises the following issue:

> A. Whether [Gavin's] entry of guilty pleas [sic] was the direct product of ineffective assistance of counsel in that [plea] counsel dismissed evidence displaying that [Gavin] lacked any criminal culpability in regard to the incident in that the alleged victim had issued written statements admitting that he was the instigator of the assault and that [Gavin] did not commit any criminal conduct relevant to the incident at issue and this was then further compounded by [plea] counsel representing to [Gavin] that if he entered the guilty pleas [sic] he

---

[1] The Commonwealth originally charged Gavin with taking a cell phone and other items from the victim.

- 2 -

> would not have to spend any more time incarcerated and that he would not face any further sanctions including probation or revocation?

Gavin's Brief at 2 (excess capitalization omitted).[2]

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Gavin's claim alleges the ineffective assistance of plea counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.***

---

[2] Within his argument, Gavin makes additional claims that plea counsel was ineffective for failing to share discovery with him and for failing to file a requested appeal. Because these claims were not raised in Gavin's statement of questions involved, they are waived. ***See generally***, Pa.R.A.P. 2116(a).

This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

This Court has summarized the following regarding claims that the entry of a guilty plea was the result of ineffective assistance of counsel:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.]
>
> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted).

In this case, the PCRA court concluded Gavin's claims that plea counsel was ineffective, by "dismissing evidence" indicating that he lacked any criminal culpability and by promising he would be released from jail after entering his plea, were not a basis for post-conviction relief. Our review of the certified record, including Gavin's written and oral colloquies, supports this conclusion.

As this Court has summarized:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> ***
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> ***
>
> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

Gavin's claims on appeal are unavailing, as both are refuted by our review of the certified record. First, the notarized statement of the victim, which stated that he was the instigator of the assault, was dated approximately one week **after** Gavin entered his guilty plea. In addition, **prior to sentencing** on the same day Gavin entered his plea, plea counsel informed the trial court that he was aware of a statement the victim had made: "The victim in this case is actually a friend of [Gavin]. And [the victim's]

actually written a statement on [Gavin's] behalf, which is kind of one of the reasons why this was resolved the way it was." N.T., 4/3/19, at 10.[3] This statement from the victim does not appear anywhere in the certified record. Thus, it cannot form a basis for post-conviction relief. *See Commonwealth v. Kennedy*, 868 A.2d 582, 593 (Pa. Super. 2005) (explaining that, "[a]ny document which is not part of the official certified record is considered to be non-existent").

Second, Gavin's claim that plea counsel assured him that he would be released from the county prison immediately after entering his guilty plea is contradicted by his statement to the trial court that no promises had been made to him prior to entering his plea. *See* N.T., 4/3/19, at 9. Thus, Gavin's answer to the court's questions during the oral plea colloquy, contradict Gavin's present claim. *Pollard*, *supra*. Thus, Gavin's explanation that he only made his statements "for purposes of facilitating the plea agreement based upon his understanding and expectations borne of" plea counsel's representations is not a basis for post-conviction relief. Gavin's Brief at 12.

In sum, because Gavin's claims of ineffectiveness regarding the entry of his guilty plea are refuted by the record, we affirm the PCRA court's order denying him post-conviction relief.

_____

[3] Gavin does not claim he is entitled to post-conviction relief based upon "after-discovered" evidence. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2020