J-S26045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN WILSON | : | |
| | : | |
| Appellant | : | No. 2516 EDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014270-2009,
CP-51-CR-0015266-2003

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED MAY 29, 2019**

Stephen Wilson (Wilson) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA Court) dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

**I.**

This Court summarized the factual history of Wilson's convictions on direct appeal as follows:

> [Wilson's] sexual assault of his cousin, L.S., took place on December 5, 2008. [Wilson] got L.S. drunk in a hotel room and forced him to perform fellatio on [Wilson]. [Wilson] then had anal sex with L.S. without L.S.'s consent.
>
> [Wilson] met the second victim, B.P., in an internet chat room, then traveled to B.P.'s apartment on September 15, 2009 to meet him in person. [Wilson] and B.P. remained together in B.P.'s apartment into the early morning hours of September 16, 2009.

_____
* Retired Senior Judge assigned to the Superior Court.

The two got into an argument, during which [Wilson] drew a knife. [Wilson] used the knife to cut B.P. on his face, abdomen, shoulders and back. Subsequently, [Wilson] had anal sex with B.P. without B.P.'s consent. After the sex, [Wilson] choked B.P. until he blacked out. B.P. regained consciousness to find [Wilson] having anal sex with him for a second time. Police apprehended [Wilson] on September 16, 2009 in connection with his offenses against B.P.

The prosecutions pertaining to [Wilson's] offenses against these two victims were consolidated for a June 15, 2012 bench trial. At the conclusion of trial, the judge found [Wilson] guilty of aggravated assault, possession of an instrument of crime, indecent assault by forcible compulsion, simple assault, recklessly endangering another person and sexual assault against B.P. The court also found [Wilson] guilty of unlawful contact with a minor, sexual assault, endangering the welfare of children, corruption of minors, and indecent assault by forcible compulsion against his cousin.

*Commonwealth v. Wilson*, 2015 WL 7571802, at *1 (Pa. Super. 2015) (unpublished memorandum). Wilson was sentenced to an aggregate eight to sixteen years' imprisonment followed by five years' probation. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal.

Wilson filed a timely *pro se* PCRA petition and was appointed counsel. PCRA counsel initially moved to withdraw and filed a ***Turner/Finley*** "no merit" letter.[1] A few weeks later, however, PCRA counsel filed an amended PCRA petition listing six claims of ineffectiveness of counsel that Wilson had

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

forwarded to him to raise.[2] PCRA counsel believed three of the claims were meritless while the other three were possibly not. As to the three potentially meritorious claims, two of them alleged that Wilson's previous attorneys failed to obtain text messages and emails from his victims that would have shown they were lying. The other alleged that Wilson's trial counsel failed to interview him or other witnesses; do background checks on the victims; or obtain discovery, including DNA and rape kits. PCRA counsel believed an evidentiary hearing was necessary to determine the truth of these claims but did not provide any further information or exhibits to support them.

The PCRA Court notified Wilson of its intent to dismiss the petition without a hearing under Pa.R.Crim.P. 907. After no response was filed, the PCRA Court dismissed the petition. Wilson now appeals.[3]

---

[2] PCRA counsel's amended petition was in the form of a letter addressed directly to the PCRA Court and requesting that it be treated as an amended PCRA petition. The PCRA Court accepted the letter as such and it was filed with the Clerk of Courts. As this Court has recently observed, it is incumbent on PCRA counsel to examine the merits of claims raised in a *pro se* PCRA petition and determine whether those issues should be presented in an amended petition. **See Commonwealth v. Johnson**, 179 A.3d 1153, 1157 (Pa. Super. 2018). Here, PCRA counsel filed an amended petition, but in doing so, merely copied Wilson's *pro se* claims and requested the PCRA Court to hold an evidentiary hearing to determine whether they were meritorious.

[3] "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

**II.**

In his only issue, Wilson argues that the PCRA Court erred in denying him an evidentiary hearing because he raised meritorious claims of trial counsel ineffectiveness. For support, rather than focus on the averments in the amended PCRA petition, PCRA counsel has appended to his brief a letter that Wilson sent to him after the amended PCRA petition was filed. In his letter, Wilson asserts, among other things, that he informed his trial counsel that the victims were using electronic devices during the offenses and that their text messages and emails would show that their encounters with Wilson were consensual. Wilson also claims that he gave his trial counsel the names of several witnesses who saw him with the victims and would testify that they were with Wilson consensually. PCRA counsel asks this Court to consider this letter as Wilson's "certification" of what he would testify to at a PCRA hearing. He then argues that Wilson's claims, if believed, would satisfy all of the prongs for establishing an ineffective assistance of counsel claim.

In making an ineffective assistance of counsel claim, it is well-established that:

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different."

***Commonwealth v. Pier***, 182 A.3d 476, 478-79 (Pa. Super. 2018) (citations omitted).  In considering such a claim:

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied " 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.' " ***Commonwealth v. Roney***, 622 Pa. 1, 79 A.3d 595, 604 (Pa. 2013) (quoting ***Commonwealth v. Paddy***, 609 Pa. 272, 15 A.3d 431, 442 (Pa. 2011), quoting Pa.R.Crim.P. 909(B)(2) ).  "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Roney***, 79 A.3d at 604-05.

***Commonwealth v. Blakeney***, 108 A.3d 739, 749-750 (Pa. 2014).

Wilson contends that the trial court abused its discretion in not granting an evidentiary hearing based on factual claims that he made in his non-record letter sent to PCRA counsel.  ***See*** Wilson's Brief, Appendix B.  As noted above, this letter was sent after the amended petition was filed and PCRA counsel never took any steps to have it submitted to the PCRA Court through a properly-pleaded petition.  Just as the PCRA Court could not have abused its discretion for not considering something that was never filed and not of record, we will not consider it or its averments.  ***See Commonwealth v. Kennedy***, 868 A.2d 582, 593 (Pa. Super. 2006) (any document not in the certified record is deemed non-existent and cannot be remedied merely by attaching the missing document to the brief).

Even if the factual averments in that letter were presented to the PCRA Court in the amended petition, no evidentiary hearing was warranted. Wilson did not produce any of the evidence that he claims his trial counsel was ineffective for failing to obtain. Instead, he requested that he be granted an evidentiary hearing in order to obtain this evidence. "An evidentiary hearing, however, is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." **Commonwealth v. Scott**, 752 A.2d 871, 877 n.8 (Pa. Super. 2000) (citation omitted). Wilson has the burden of proving all three prongs of the test for ineffectiveness, and by failing to properly produce any evidence in support of his claims outside of his bald allegations of ineffectiveness, there were no genuine issues concerning any material fact requiring an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/19